OPINION OF THE COURT
Eugene J. Berkowitz, J.
This multiple count indictment consists of 16 separate counts, 12 as to defendant Joseph Amato, 2 as to defendant Marie Amato, and 2 as to both, acting in concert.
Defendant Joseph Amato is charged with the crimes of (1) *378 attempted rape in the first degree; (2) attempted sodomy in the first degree; (3)-(5) sexual abuse in the first degree (three counts); (6) assault in the third degree; (7)-(12) endangering the welfare of a child (six counts).
Defendant Marie Amato is charged with the crimes of (13) assault in the third degree; and (14) endangering the welfare of a child.
Both defendants have been charged with (15) assault in the third degree; and (16) endangering the welfare of a child.
The court having examined the Grand Jury minutes, the indictment and the court file with respect to those branches of defendants’ omnibus motions seeking dismissal of said indictment concludes, for the reasons set forth below, that such relief must be granted, with leave to the People to re-present this matter to a new Grand Jury.
The unfortunate set of circumstances herein involved an infant child living with her grandparents who now stand accused of, inter alia, having physically and sexually abused her.
At a time of great furor and public outcry against any form of child abuse the courts must zealously guard that same public from engaging in witch hunts and overreaction, examining and considering even more carefully the accusations of children of tender years against their parents and guardians.
Although this court does not, under most circumstances, believe in the corporal punishment of children, a parent or guardian should not be charged with the crime of assault every time a child is slapped. All of the events surrounding the accusations must be examined in the light of protecting and considering the best interests of the children, but, at the same time, protecting the constitutional rights of defendants.
Prior to this matter being presented to the Grand Jury, a voir dire was conducted in Part AP-5 by the Honorable Joseph M. Lane on August 12, 1988, the purpose of which was to determine whether the child witness, age seven, was qualified to give sworn testimony at trial. It was that court’s finding "that the said infant may not testify under oath. The Court after hearing the infant hereby determines that it is not satisfied, as required under § 60.20 (2) CPL that the infant understands the nature of an oath”.
Subsequently, the People, within, a two-month period, had the infant child witness sworn by the foreperson of the Grand *379 Jury and proceeded to take videotaped testimony which was thereafter presented to the Grand Jury.
CPL 60.20 provides in pertinent part:
"2. * * * A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of the oath * * *
"3. A defendant may not be convicted of an offense solely upon unsworn evidence given pursuant to subdivision two.”
Although the District Attorney is permitted to present the videotaped examination of a child witness to the Grand Jury as the testimony of such witness (CPL 190.30 [4]), "the provisions of article sixty, governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings.” (CPL 190.30 [1].)
Subdivision (6) of CPL 190.30 states: "Wherever it is provided in article sixty that the court in a criminal proceeding must rule upon the competency of a witness to testify or upon the admissibility of evidence, such ruling may in an equivalent situation in a grand jury proceeding, be made by the district attorney.”
While the District Attorney may rule upon the competency of a witness in the Grand Jury, the statute does not give the District Attorney the authority to overrule a decision by the court on the same issue.
In the case at bar, as noted above, the infant child witness was found not competent to give sworn testimony. The District Attorney then proceeded to have the child give sworn testimony before the Grand Jury, and was, in effect, sitting as an appeals court and reversing the findings of a court of record.
Thus the court finds that the entire indictment must be dismissed pursuant to CPL 210.35 (5), as the integrity of the Grand Jury has been impaired.
For all the foregoing reasons, the indictment is dismissed with leave to re-present the matter to another Grand Jury.
Accordingly, the branches of the respective omnibus motions to dismiss are granted and the balance of said motions are denied as moot.
Bail conditions to remain the same.